# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X

ULYSSES MALDONADO,

Plaintiff,

-against-

TARGET CORPORATION

Defendants.

---------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates Queens County as the place of trial pursuant to the place of the accident.

13505 20th Avenue
Queens, NY 11356

**To the above-named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
September 30, 2025

Frank M. Rizzo, Esq.
**ROSENBAUM & ROSENBAUM, P.C.**
*Attorney for Plaintiff*
100 Wall Street, 24th Floor
New York, NY 10005

**TO:**

**TARGET CORPORATION**
135-05 20th Avenue
College Point, NY 11356

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------X
ULYSSES MALDONADO, Index No.:

Plaintiff,

-against- **VERIFIED COMPLAINT**

TARGET CORPORATION

Defendants.
----------------------------------------------------------------------X

Plaintiff, **ULYSSES MALDONADO,** by their attorney(s), **ROSENBAUM & ROSENBAUM, P.C.,** complaining of Defendant, TARGET CORPORATION, respectfully set forth and alleges the following, upon information and belief, as for her Verified Complaint:

**THE PARTIES**

1. At all relevant times, Plaintiff, ULSYSSES MALDONADO, was and is a resident of the State of New York, County of Queens.

2. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, was and is a business duly organized and existing under and by virtue of the laws of the State of New York.

4. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

5. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, conducted business and maintained offices within the State of New York.

6. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, was and still a foreign corporation duly authorized to do business in the State of New York.

7. Upon information and belief, and at all relevant times, Defendant, TARGET CORPORATION, maintained its principal place of business within the State of New York.

8. Upon information and belief, and at all relevant times, Defendant, TARGET CORPORATION, committed a tortious action within the State of New York.

9. Upon information and belief, and at all relevant times, Defendant, TARGET CORPORATION, regularly does or solicits business in the State of New York.

10. Upon information and belief, and at all relevant times, Defendant, TARGET CORPORATION, received substantial revenue from goods used or consumed, or services rendered, in the State of New York

**THE PREMISES**

11. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors owned and still owns the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

12. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors was the lessor and still is the lessor of the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

13. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors was the lessee and is still the lessee of the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

14. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors operated the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

15. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors managed the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

16. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors maintained the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

17. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent

contractors supervised the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

18. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors controlled the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

19. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors inspected the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

20. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licenses and/or independent contractors, was charged with a duty of keeping the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40 in a reasonably safe condition, free from defects, hazards, nuisances, and other dangers constituting a menace to all persons lawfully and properly traversing the same, including and especially the Plaintiff herein.

21. Upon information and belief and at all relevant times, Defendant, TARGET CORPORATION, owned, was the lessor, was the lessee, operated, managed, maintained, supervised, controlled, inspected and were tasked with the duty to provide security to the real property bearing the street address of 13505 20th Avenue Queens, NY 11356, County of Queens, Block: 4143; Lot: 40.

## THE ACCIDENT

22. Plaintiff repeats and realleges their allegations set forth in paragraphs "1" through "52" of this Complaint as set forth more fully in paragraph "53" of this Verified Complaint.

23. On July 3, 2024, while Plaintiff was lawfully traversing within Defendant's premises when suddenly and without notice or warning, was caused to be injured due to a heavy object falling off the highest shelf and striking Plaintiff. As a result of the accident, Plaintiff sustained serious, severe and permanent personal injuries.

## FIRST CAUSE OF ACTION: NEGLIGENCE AS TO AND AGAINST DEFENDANT TARGET CORPORATION

24. Plaintiff repeats and realleges their allegations numbered "1" through "23" as if they were more fully set forth as paragraph "24" of this Verified Complaint.

25. At all times relevant to this action, Defendant, TARGET CORPORATION, by and through their agents, servants, licensees, independent contractors and/or employees were negligent in their ownership, leasing, operations, maintenance, management, control and/or repair of the aforesaid premises; in that they caused, permitted and allowed a defective, dangerous and trap-like shelf to exist and remain; in failing to properly inspect, repair and/or extend/lengthen the said shelf; in failing to respond to complaint(s) made regarding said dangerous shelf; in failing to perform an inspection of the premises, more specifically the shelves; in failing to properly maintain said premises; in failing to properly stock and secure the retail shelves; in failing to adequately inspect and maintain the premises in a good, safe and useable condition; in that they failed to take proper steps to safeguard Plaintiff and other similarly situated; in causing, creating, and/or allowing the aforementioned dangerous conditions to exists and remain for an unreasonably long period of time prior to the subject accident; in knowingly stocking large and heavy items on inadequate shelf

space with complete disregard for the safety of the patrons, including Plaintiff; in improperly placing an object on the defective and dangerous shelf; in improperly placing an object larger than the dangerous and defective shelf afforded and forcing the object to hang over the shelf; in failing to properly barricade, warn, or otherwise alert persons walking in the area where the oversized object on the self was; in failing to adhere to good and accepted practices in the fields of building maintenance and engineering; in failing to take the necessary steps to remove or remedy the dangerous conditions then and there existing; and in other ways being negligent, and careless.

26. At all times relevant to this action and on July 3, 2024, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licensees and/or independent contractors had actual notice of the dangerous and defective conditions that caused Plaintiff's injury

27. At all times relevant to this action and on July 3, 2024, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licensees and/or independent contractors had constructive notice of the dangerous and defective condition that caused Plaintiff's injury.

28. At all times relevant to this action and on July 3, 2024, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, licensees and/or independent contractors caused the dangerous and defective condition that caused Plaintiff's injury.

29. At all times relevant to this action and on July 3, 2024, Defendant, TARGET CORPORATION, by its agents, servants, employees, staff, license and/or independent contractors created the dangerous and defective condition that caused Plaintiff's injury.

30. As a result of the breach of legal duty Defendant, TARGET CORPORATION, as plead aforesaid together with common law duties imposed by case law and other binding authority, Plaintiff was severely, permanently and personally injured, suffered and continues to suffer physical anguish and pain, continues to undergo painful medical treatments including but not limited to hospital strays, physician's services, examinations, diagnostic imaging, injections, surgeries and other damages continuing to date.

31. Plaintiff intends to rely upon the doctrine of *res ipsa loquitor* in this action.

32. Plaintiff intends to rely upon the doctrine of *respondeat superior* in this action.

33. Plaintiff was not comparative at fault and bore no negligence of their own in the happening of this accident.

**SECOND CAUSE OF ACTION:**
**NEGLIGENT HIRING, SUPERVISION AND RETENTION AS TO AND AGAINST DEFENDANT TARGET CORPORATION**

34. Plaintiffs respectfully repeats and realleges their allegations numbered "1" through "33" as if they were more fully set forth as paragraph "34" of this Verified Complaint.

35. Upon information and belief, and at all relevant times, Defendant, TARGET CORPORATION, owed a duty to plaintiff to use reasonable care in the hiring, training, and/or supervision of its employees, agents, assigns, and/or independent contractors, including but limited to: property management companies, and superintendents.

36. Upon information and belief, and at all relevant times, Defendant, TARGET CORPORATION, knew, or in the existence of reasonable care, should have known its employees, agents, assigns, and/or independent contractors were incompetent, unskilled, unfit, unqualified, had vicious propensities, and/or had bad disposition.

37. At all relevant times, Defendant, TARGET CORPORATION, hired, trained, and/or supervised its employees, agents, assigns, and/or independent contractors.

38. Upon information and belief, and at all relevant times, Defendant, TARGET CORPORATION, owed a duty to plaintiff to use reasonable care in the hiring, training, and/or supervision of its employees, agents, assigns, and/or independent contractors.

39. Upon information and belief, and at all relevant times, Defendant, TARGET CORPORATION, knew, or in the existence of reasonable care, should have known its employees, agents, assigns, and/or independent contractors were incompetent, unskilled, unfit, unqualified, had vicious propensities, and/or had bad disposition.

40. At all relevant times, Defendant, TARGET CORPORATION, hired, trained, and/or supervised its employees, agents, assigns, and/or independent contractors.

41. At all times material hereto, Defendant, TARGET CORPORATION, breached their duty of care owed to plaintiff, by committing one or more of the following negligent acts; by knowing that its employees, agents, assigns, and or independent contractors had a propensity to commit the act which injured plaintiff and still hired them; that Defendant TARGET CORPORATION, should have known its employees, agents, assigns, and/or independent contractors were incompetent and still hired them; that Defendant, TARGET CORPORATION, should have known its employees, agents, assigns, and/or independent contractors had a bad disposition and still hired them; by failing to train its employees, agents, assigns, and or independent contractors who injured plaintiff while in the scope of employment by Defendant, TARGET CORPORATION; by learning after hiring or having should have learned after the beginning of its employees, agents, assigns, and or independent contractors employment that they

had the propensity to commit the act which injured plaintiff and continuing to retain them for employment; by learning after hiring or having should have learned after the beginning of employees, agents, assigns, and or independent contractors employment that they were incompetent and continuing to retain them for employment; by negligently hiring employees, agents, assigns, and or independent contractors who injured plaintiff while in the scope of employment; by failing to implement policies, procedures, and/or protocols to prevent situations; by failing to reasonably and/or properly monitor the ongoing criminal record and bad acts of employees, agents, assigns, and or independent contractors when Defendant knew or should have known of their criminal record and history of bad acts; by failing to investigate complaints and/or criticisms regarding the conduct of employees, agents, assigns, and or independent contractors; by neglecting to adequately supervise employees, agents, assigns, and or independent contractors; by failing to discharge employees, agents, assigns, and or independent contractors before they injured plaintiff and in otherwise being negligent in the hiring, training, retention and/or supervision of employees, agents, assigns, and or independent contractors who injured plaintiff while in the employment of Defendant, TARGET CORPORATION.

## PRAYER FOR RELIEF

42. This action falls within one or more of the exceptions contained in C.P.L.R. §1601 & 1602.

43. By reasons of the foregoing, Plaintiff, ULYSSES MALDONADO, was damaged and seeks judgment against Defendants, TARGET CORPORATION, in an amount that exceeds the jurisdictional limits of the lower Courts, all together with the costs and disbursements of this action.

**WHEREFORE**, Plaintiff, ULYSSES MALDONADO, demands judgement against Defendants, TARGET CORPORATION, in an amount excess of seventy-five thousand dollars which exceeds the jurisdictional limit of the lower Courts, or an amount in excess of thereof which is deemed fair and equitable compensation by a jury at the time of trial, together with the costs and disbursements of this action.

Dated: New York, New York
September 30, 2025

Frank M. Rizzo, Esq.
**ROSENBAUM & ROSENBAUM, P.C.**
*Attorney for Plaintiff*
100 Wall Street, 24th Floor
New York, New York 10005
(212) 514-5007

## ***ATTORNEY VERIFICATION***

STATE OF NEW YORK – COUNTY OF NEW YORK

**FRANK M. RIZZO, Esq.,** an attorney duly admitted to practice before the Courts of the State of New York herby affirms the following to be true under penalty of perjury:

I am an attorney associated with **ROSENBAUM & ROSENBAUM, P.C.,** attorney of record for the Plaintiff in the above action.

I have read the annexed ***VERIFIED COMPLAINT*** and know the contents thereof. The same is true to my own knowledge, except as to the matters stated therein to be alleged upon information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by Plaintiff, is that the Plaintiff resides outside of the county in which I maintain my law office.

The grounds of my belief as to all matters not stated therein upon my own knowledge are as follows: a review of the file maintained by this office, books records and investigations.

Dated: New York, New York
September 30, 2025

Frank M. Rizzo, Esq.
**ROSENBAUM & ROSENBAUM, P.C.**
*Attorney for Plaintiff*
100 Wall Street, 24th Floor
New York, New York 10005
(212) 514-5007